# In the United States District Court
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

VECTOR DISEASE ACQUISITION, LLC, in its capacity as Plan Administrator of the Vector Disease Acquisition, LLC 401(k) Plan, and DEBBIE CLEMENT, JASON PANANOS, and JOSEPH DAVIS, in their capacity as Trustees of the Vector Disease Acquisition, LLC 401(k) Plan,

*Plaintiffs*,

v.

RYAN T. HALL; JILL F. HALL, in her capacity as Personal Representative of the Estate of John P. Fitzgerald, deceased; and MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,

*Defendants*.

Case No. 4:17-CV-22-BRW

## AGREED ORDER

The several parties to this interpleader action have agreed, as evidenced below by their respective signatures or those of their respective counsel, with the findings and orders of this Court set out below:

### FINDINGS

1. Separate plaintiff Vector Disease Acquisition, LLC ("Vector") is a Delaware limited liability company whose principal place of business is in Little Rock, Pulaski County, Arkansas. Vector serves as the Plan Administrator of the Vector Disease Acquisition, LLC 401(k) Plan (the "Vector Plan").

2. Separate plaintiffs Debbie Clement, Jason Pananos, and Joseph Davis, are Trustees of the Vector Plan. Ms. Clement is an adult resident of the State of Arkansas, Mr. Pananos is an adult resident of the State of Massachusetts, and Mr. Davis is an adult resident of the State of Tennessee.

3. Separate defendant and claimant to the funds Ryan T. Hall is an adult resident of the State of Massachusetts.

4. Separate defendant and claimant to the funds Jill F. Hall is named the personal representative of the Estate of John P. Fitzgerald, deceased (the "Estate"), the administration of which is pending in Middlesex County, Massachusetts, Probate and Family Court, Case No. MI16P5982EA.

5. Separate defendant and mere stakeholder Massachusetts Mutual Life Insurance Company ("MassMutual") is a Massachusetts corporation whose principal place of business is in Springfield, Massachusetts. MassMutual acts as the custodian and investment company of the plan assets of the Vector Plan, more specifically those in the qualified retirement plan account of Mr. John P. Fitzgerald, deceased.

6. This Court has subject matter jurisdiction over this cause pursuant to 28 U.S.C. §1331 and the Employee Retirement Income Security Act of 1974 ("ERISA") (Pub.L. 93–406, 88 Stat. 829, enacted September 2, 1974, codified in part at 29 U.S.C. Ch. 18).

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391. A substantial part of the events or omissions giving rise to plaintiffs' claims occurred in the Eastern District of Arkansas.

8. Plaintiffs bring this action seeking the Court's interpretation of ERISA law

for the purpose of determining which separate defendant, Ryan T. Hall or Jill F. Hall, in her capacity as personal representative of the Estate of John P. Fitzgerald, deceased, is entitled to the death distribution of the balance of the decedent's 401(k) retirement plan account. Currently, MassMutual holds the funds in question. The Vector Plan trustees seek a determination of to whom said funds should be paid.

9. Mr. John P. Fitzgerald, deceased, was a former employee of non-party Aquatic Control Technology, Inc. ("ACT") and a participant in ACT's 401(k) profit sharing plan, the "Aquatic Control Technology, Inc. 401k/Profit Sharing Plan" (the "ACT Plan"). He retired from active employment December 31, 2012.

10. On or about December 31, 2012, Vector purchased ACT.

11. On or about October 31, 2013, Mr. Fitzgerald executed a Designation of Beneficiary (the "Beneficiary Designation") naming his nephew, Ryan T. Hall, the beneficiary of Mr. Fitzgerald's plan benefits in the ACT Plan upon Mr. Fitzgerald's death.

12. In March 2016, Vector merged the ACT Plan into its own 401k plan, the Vector Plan. The merger action included the transfer of the plan accounts of the ACT Plan participants, including Mr. Fitzgerald, into the Vector Plan.

13. From January 1, 2013, through the plan merger in 2016, Vector served as Plan Administrator of both the Vector Plan and the ACT Plan. Since the 2016 plan merger, Vector has continued to serve as the Plan Administration of the Vector Plan. As Plan Administrator, Vector facilitated the mapping of participant investment choices in the Vector Plan. Likewise, Vector provided new salary deferral agreements to the

transferred/active employees resulting from the ACT acquisition by Vector. The account of Mr. Fitzgerald was mapped for investment purposes into the Vector Plan.

14. In addition to the enrollment forms referenced above, Vector provided to the transferred/active ACT employees/plan participants new designation of beneficiary forms. As Mr. Fitzgerald was not a transferred/active employee, he did not receive a new designation of beneficiary form to complete for the Vector Plan prior to Mr. Fitzgerald's death on October 23, 2016. Therefore, Mr. Fitzgerald died having executed a designation of beneficiary for the ACT Plan but before he did so for the Vector Plan.

15. Separate defendant and claimant to the funds Mr. Ryan T. Hall contacted Vector and made demand for the payment of Mr. Fitzgerald's account's death distribution to him based on the Beneficiary Designation executed by Mr. Fitzgerald.

16. The current value of Mr. Fitzgerald's account was $193,029.03 as of December 20, 2016.

17. Claimant to the funds Ms. Jill F. Hall, in her capacity as personal representative of the Estate of John P. Fitzgerald, deceased, has likewise contacted Vector about payment of the death distribution of Mr. Fitzgerald's account.

18. The Vector Plan document does not address, either directly or by implication, whether the Beneficiary Designation signed by Mr. Fitzgerald is controlling regarding Mr. Fitzgerald's account now held in the Vector Plan. The issue before this Court is whether said Beneficiary Designation is controlling. If it is controlling, the funds should be distributed to separate defendant Ryan T. Hall. If the Beneficiary Designation executed by Mr. Fitzgerald is *not* controlling, and thus ineffective, the funds, per the Vector Plan document, would be distributed to the decedent's estate as the

"default beneficiary" in accordance with the provisions of Section 7.05(B) *Default Beneficiary* of the Vector Plan since Mr. Fitzgerald died without a living spouse, parent, or child.

## LEGAL CLAIM FOR INTERPLEADER

19. Rule 22(a)(1) of the Federal Rules of Civil Procedure provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants to interplead."

20. Vector has no vested interest in who receives any money associated with the Vector Plan other than ensuring funds are paid to the right party. Vector is merely a stakeholder concerned with the risks posed to it by competing claims. Vector understandably does not wish to be exposed to the vexation of defending multiple claims and lawsuits related to a limited fund, and it desires to resolve its obligations in this single proceeding. Through Rule 22 of the Federal Rules of Civil Procedure and the applicable ERISA plan document at Section 7.05(J) *Inability to Determine Beneficiary*, the law provides Vector with the ability to interplead. The law does not require Vector to run the risk associated with analyzing and determining competing claims to the funds. Accordingly, the Court finds that Vector is a party entitled to file this interpleader action and has properly done so.

21. MassMutual, though originally aligned as a defendant, is also a disinterested stakeholder in the Plan Funds as it is merely a custodian. Pursuant to the stipulation of the undersigned parties, MassMutual is realigned as a plaintiff-stakeholder in this action.

22. The determination of whether the decedent's executed Beneficiary Designation remains effective will determine whether the proceeds of his account in the Vector Plan will be paid to his nephew, Ryan T. Hall, or to the decedent's estate. This determination is one for this Court to make.

23. In its Complaint Vector has asked to be excused from the normal practice of paying the funds at issue into the registry of the Court while the Court makes its final decision for fear of the payment being deemed a distribution by the Internal Revenue Service and other taxing authorities. In its Answer, MassMutual confirmed that it stood ready and willing to distribute the funds to whom this Court will deem appropriate. Vector and MassMutual are awaiting a decision of this Court regarding to whom the funds should be paid. The Court approves this action with the understanding Vector and MassMutual are bound to direct payment to the party identified below.

24. The Court finds the ACT Plan was merged into the Vector Plan pursuant to a merger agreement executed by the proper parties relating to the respective plans and the decedent, Mr. Fitzgerald, became a participant in the Vector Plan. Mr. Fitzgerald's funds in the ACT Plan became part of the Vector Plan after the merger, and he retained his interest in them. The Court finds further that Mr. Fitzgerald's designation, regarding the payment of said funds upon his death, remain binding on the trustees of the Vector Plan. Mr. Fitzgerald's executed Beneficiary Designation "follows the funds" post-merger and remains controlling as to the distribution of said funds absent the subsequent execution of a different designation of beneficiary. There was no latter designation of beneficiary. Therefore, Vector is obligated to honor the decedent's Beneficiary Designation he executed while a participant in the ACT Plan.

25. Accordingly, the Court holds that the decedent's benefits in the Vector Plan be paid to Mr. Hall or, at Mr. Hall's option, that Vector distribute said funds for Mr. Hall's benefit under applicable distribution rules.

26. Because this is an interpleader action, the defendants are hereby barred from commencing an action or proceeding against the plaintiffs, including realigned plaintiff-stakeholder MassMutual, relating to the administration of the ACT Plan or the Vector Plan *via-a-vis* Mr. Fitzgerald's benefits.

27. Pursuant to Rule 22, Vector shall be awarded its reasonable litigation expenses, including attorney's fees, incurred in connection with this matter, in the amount of $5,000.00. These shall be deducted from the decedent's benefits prior to them being paid to Mr. Hall or his designee.

IT IS SO ORDERED.

*/s/ Billy R. Wilson*
William R. Wilson
United States District Judge

May 25, 2017

AGREED AND SUBMITTED BY:

*[signature: Guy Murphy]*

Lyle D. Foster, #93-101
Danny Broaddrick, #92-124
Guy W. Murphy, Jr. #85-115
HYDEN, MIRON & FOSTER, PLLC
557 Locust
Conway, Arkansas 72034
(501) 336-8822
guy.murphy@hmflaw.net
Attorneys for plaintiffs

AGREED TO:

_____
Debbie Clement, as Trustee of the
Vector Disease Acquisition, LLC
401(k) Plan

_____
Jason Pananos, as Truste of the Vector
Disease Acquisition, LLC 401(k) Plan

_____
Joseph Davis, as Trustee of the Vector
Disease Acquisition, LLC 401(k) Plan

_____
Ryan T. Hall

_____
Jill F. Hall, as Personal Representative of
the Estate of John P. Fitzgerald, deceased

/s/ John A. Smyth, III
John A. Smyth, III
Irene Motles
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2618
Attorneys for Massachusetts Mutual
Life Insurance Company

8

AGREED AND SUBMITTED BY:  AGREED TO:

*[signature]*

Lyle D. Foster, #93-101
Danny Broaddrick, #92-124
Guy W. Murphy, Jr. #85-115
HYDEN, MIRON & FOSTER, PLLC
557 Locust
Conway, Arkansas 72034
(501) 336-8822
guy.murphy@hmflaw.net
Attorneys for plaintiffs

Debbie Clement, as Trustee of the
Vector Disease Acquisition, LLC
401(k) Plan

*[signature]*

Jason Pananos, as Truste of the Vector
Disease Acquisition, LLC 401(k) Plan

*[signature]*

Joseph Davis, as Trustee of the Vector
Disease Acquisition, LLC 401(k) Plan

---

Ryan T. Hall

---

Jill F. Hall, as Personal Representative of
the Estate of John P. Fitzgerald, deceased

---

John A. Smyth, III
Irene Motles
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2618
Attorneys for Massachusetts Mutual
Life Insurance Company

8

| AGREED AND SUBMITTED BY: | AGREED TO: |
|---|---|
| | |

Lyle D. Foster, #93-101
Danny Broaddrick, #92-124
Guy W. Murphy, Jr. #85-115
HYDEN, MIRON & FOSTER, PLLC
557 Locust
Conway, Arkansas 72034
(501) 336-8822
guy.murphy@hmflaw.net
Attorneys for plaintiffs

---

Debbie Clement, as Trustee of the
Vector Disease Acquisition, LLC
401(k) Plan

---

Jason Pananos, as Truste of the Vector
Disease Acquisition, LLC 401(k) Plan

---

Joseph Davis, as Trustee of the Vector
Disease Acquisition, LLC 401(k) Plan

*/s/ Ryan T. Hall*
Ryan T. Hall

*/s/ Jill F. Hall*
Jill F. Hall, as Personal Representative of
the Estate of John P. Fitzgerald, deceased

---

John A. Smyth, III
Irene Motles
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2618
Attorneys for Massachusetts Mutual
Life Insurance Company

8